IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA SHRIMPERS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE RESTAURANTS 1–40,<br><br>Defendants. | Civil Action No. 2:25-cv-5439-RMG<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff the South Carolina Shrimpers Association (the "Shrimpers Association"), by and through its undersigned counsel, hereby brings the following Complaint against Defendants John Doe Restaurants 1–40 (the "Restaurant Defendants") and states as follows:

## INTRODUCTION

1. This action for monetary and injunctive relief arises from the Restaurant Defendants' false and misleading representations that they sell "local" shrimp, while they in fact knowingly serve shrimp that was harvested or farmed far from South Carolina's shores, often frozen and imported from other countries. Despite having knowledge of the true origins of their product, Restaurant Defendants fraudulently entice customers to dine and in their establishments by falsely representing that the shrimp they serve are locally caught. In so doing, Restaurant Defendants falsely suggests to consumers that they are affiliated with the local industry, that the product being served is representative of local aquaculture, and that dining at their establishments supports the local shrimping industry. In fact, Restaurant Defendants fraudulently enrich themselves to the detriment of the Shrimpers Association, its members, South Carolina's fisheries and the public.

2.      The local shrimping industry is central to the low country's culture and at the heart of South Carolina's tourism industry, which generates billions of dollars in economic activity for our state. Restaurant Defendants' misrepresentations of fact unlawfully trade on the Shrimpers Association's goodwill and reputation for high-quality, local product, which the Association has accumulated over its long history as a low country institution. These actions intentionally conflate the local, high-quality product of the Shrimpers Association and its members with a product of inferior quality and distant origin, threatening to irreparably harm the strong reputation and customer goodwill earned by the Shrimpers Association and its members over decades of hard work. Accordingly, injunctive relief is necessary to protect Shrimpers Association and its members from suffering irreparable harm and to protect the public from ongoing widespread fraud.

3.      Restaurant Defendants' false representations violate the United States Lanham Act and the South Carolina Unfair Trade Practices Act, and threaten imminent and irreparable harm to the Shrimpers Association and its members. The Shrimpers Association brings this action for relief from Restaurant Defendants' continued unlawful acts.

## PARTIES

4.      Plaintiff the South Carolina Shrimpers Association is a local non-profit organization dedicated to representing the interests of the South Carolina's shrimping industry.

5.      Defendants John Doe Restaurants 1–40 are restaurants operating in South Carolina whose true names and identities are presently unknown. Each Restaurant Defendant is a real but presently unidentified entity whose true identity can be discovered.

6.      Each Restaurant Defendant has independently engaged in the acts complained of herein. Plaintiff will amend this Complaint to substitute the true names once identified through discovery.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Restaurant Defendants because this action arises out of Restaurant Defendant's acts in South Carolina.

8. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 and § 1367 because this action arises from federal law and because the Court has supplemental jurisdiction over Plaintiff's related claims.

9. Venue in this Court is proper under 28 U.S.C. § 1391(b). Further, Venue is proper under Local Civil Rule 3.01(A) because Restaurant Defendants reside within this District and Division, and a substantial part of the events giving rise to the claims occurred in this District and division, including, but not limited to, Restaurant Defendants' wrongful conduct.

## STANDING

10. The Shrimp Association's members would have standing to bring this action as individuals.

11. The interests at stake are germane to the Shrimp Association's purpose to support and represent the interests of the South Carolina shrimping industry.

12. Neither the claims made in this action, nor the relief requested requires the individual participation of the Shrimp Association's members in this suit.

## FACTS

13. The South Carolina shrimping industry has long been an essential part of the state's economy, culture, and food identity.

14. Locally caught South Carolina shrimp are widely regarded as superior in freshness, quality, and flavor.

15. Consumers routinely seek out local shrimp and are willing to pay a premium for shrimp that is advertised as "local."

16. Restaurant Defendants have falsely advertised shrimp served in their establishments as "local," "Carolina-caught," "fresh South Carolina shrimp," among other misrepresentations, when in fact Restaurant Defendants knowingly served cheaper shrimp that was farmed or harvested out-of-state, often imported from foreign markets such as Ecuador, India, Vietnam, and China.

17. These misrepresentations were made by way of advertisements, in printed menus and online listings, on restaurant signage, and through verbal representations to customers.

18. Further, Restaurant Defendants gave consumers the "net impression" that they served fresh, local shrimp through aesthetic and atmospheric marketing, by, for example, displaying photos of fishermen and fishing boats, posting signage that reads, "Eat local," or "We catch 'em," and including low country, coastal motifs in decorations, menus, and social media posts.

19. Such conduct has deceived consumers, diverted sales away from legitimate local shrimpers, and unfairly diluted the market value of South Carolina shrimp.

20. Defendants' actions were willful, knowing, and in reckless disregard of the truth and the law.

21. In May 2025, a seafood technology consulting company conducted a study to determine the veracity of representations by certain restaurants in the Charleston area that purported to serve local shrimp.

22. That study revealed that Restaurant Defendants, each of whom represented to consumers that it sold local shrimp, were in fact serving cheaper, out-of-state shrimp, most commonly imported from foreign markets such as Ecuador, India, Vietnam, and China.

23. The Restaurant Defendants have intentionally misled consumers, traded on the goodwill of local shrimpers and its members, and harmed the goodwill and reputation of the Shrimpers Association and its members, all to the detriment of the local shrimping industry, South Carolina's tourism industry, and the South Carolina public.

## FOR A FRIST CAUSE OF ACTION
### (False Advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B))

24. Plaintiff realleges all the foregoing allegations as if fully restated here.

25. Restaurant Defendants made false and misleading factual representations about the nature, characteristics, and qualities of their goods and services by representing to consumers that they sold local shrimp.

26. Restaurant Defendants made such false and misleading factual representations in commerce and in the context of commercial advertising and promotion.

27. Restaurant Defendants' false advertising has injured Plaintiff and its members in reputation and in sales.

28. Plaintiff and its members have been damaged by Restaurant Defendants false and misleading representations in the following ways:

   a. By harming Plaintiff and its members' business reputation;

   b. By conflating Plaintiff and its members' product with an inferior product;

   c. By harming Plaintiff and its members' business goodwill;

   d. By diluting the market with falsely advertised products; and

   e. In other ways that Plaintiff will establish at trial.

29. Because of Restaurant Defendants' acts, Plaintiffs are entitled to actual damages, injunctive relief, disgorgement of profits, and attorneys' fees.

## FOR A SECOND CAUSE OF ACTION
### (Violation of South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10 *et seq.*)

30. Plaintiff realleges all the foregoing allegations as if fully restated here.

31. Restaurant Defendants engaged in unfair and deceptive acts by knowingly making false representations that the shrimp that they served were local.

32. Restaurant Defendants knowingly and willfully misrepresented a food product by representing that the shrimp served in their establishments was a product of South Carolina when it was in fact a product of another state or country, in violation of S.C. Code Ann. § 39-5-20 and S.C. Code Ann. § 39-5-42 (B)

33. Restaurant Defendants' unfair and deceptive practices affect the public interest because it defrauds consumers and harms local industry, including Plaintiff and its members.

34. Plaintiff and its members have suffered monetary loss as a result of Restaurant Defendants' unfair and deceptive acts.

35. As a result of Restaurant Defendants' unfair and deceptive acts, Plaintiff is entitled to actual damages, treble damages, attorneys fees, and punitive damages.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. Enter judgment in favor of Plaintiff and against Defendants on all counts of this Complaint;

B. Award Plaintiff damages in an amount to be determined at trial;

C. Issue preliminary and permanent injunctive relief to restrain and enjoin Defendants as set forth in Plaintiff's forthcoming Motion for a Temporary Restraining Order;

D.  Award Plaintiff attorneys' fees, costs and expenses in this action; and

E.  Grant any such other relief that the Court deems just and proper.

Respectfully submitted,

By: s/Gedney M. Howe, IV
Gedney M. Howe, IV (Federal Bar No.13339)
LAW OFFICES OF GEDNEY M. HOWE, III, P.A.
Post Office Box 1034
Charleston, SC 29402
Telephone 843.722.8048
Facsimile 843.722.2140
Email: gedney4@gedneyhowe.com

Attorneys for Plaintiff

Dated:  June 13, 2025